Pearson, C. J.
 

 "We are satisfied that Catharine Cutlar sold the slave “ out and out,” with the intention that he should be run off, and taken to parts unknown ; and that she received $500, as the price. Having only a life-estate, it was against conscience for her to sell the absolute interest, except upon the footing, that as the charge of a criminal of-fence, which was made against the slave, rendered it expedient-for the remainderman, as well as for herself, to sell him, she would do so, and hold the price for their mutual benefit, in the place of the slave. This is a clear equity, which the plaintiff has a right to enforce, against the personal representative of Mrs. Cutlar, to the extent of the assets ; as to which there will be a reference. If the assets are sufficient, the plaintiff will take a decree for the $500, with interest from the death of Mrs. Cutlar, she being entitled to the interest during her life, in lieu of her life-estate;
 
 Cheshire
 
 v.
 
 Che
 
 shire, 2 Ire. Eq. 573;
 
 Haughton
 
 v.
 
 Benbury,
 
 2 Jones’ Eq. 337. The defendant, Caleb Cutlar, acted merely as the agent of Mrs. Cutlar in effecting the sale, and did not receive any part of the price. We see no ground, on which the plaintiff can raise an equity against him ; for this Court does not act, on the idea of giving damages for a
 
 tort,
 
 but on that of making compensation, by requiring a party to hold a fund, which he has acquired against conscience, in trust for the party, whose property was used for the purpose of acquiring it — a
 
 substiiiotion
 
 of the one for the other. This defendant may have subjected himself to an indictment as accessory after the fact, and to a special action on the
 
 case;
 
 but the bill must be dismissed as to him.
 

 Per Curiam, Decree accordingly.